```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRONT CARRIERS LTD.,

                           Plaintiff,

-v-

TRANSFIELD ER CAPE LTD.,

                           Defendant.

Case No. 07 Civ. 6333 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    By Order dated January 27, 2010, the Court ordered the release funds held in escrow by the parties in light of the Second Circuit's recent decision in *Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). On February 4, 2010, Plaintiff filed an order to show cause why a stay of that order pending appeal should not be granted, pursuant to Federal Rule of Civil Procedure 62(c). In the alternative, Plaintiff asks the Court to grant a temporary stay while it seeks a stay from the Second Circuit. The Court directed Defendant to respond by February 8, 2010, which Defendant did.

    When considering a request under Federal Rule 62(c), the Court must consider "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Courts treat these factors as a "sliding scale" and the required likelihood of success will vary according to the Court's assessment of the other factors. *See Thapa v. Gonzalez*, 460 F.3d 323, 334 (2d Cir. 2006).

After reviewing the parties' submission, the Court concludes that Plaintiff does not have a substantial likelihood of success on the merits. For the reasons stated in the January 27, 2010 Order, the Court concludes that *Jaldhi* fully applies to the case now before it. With regard to Plaintiff's other principle argument, that Defendant is insolvent, Plaintiff has provided a declaration stating that it has had difficulty locating other property of Defendant to attach, and alleging, through hearsay, that Defendant ceased some of its operations. (*See* Brautzaaset Decl. ¶¶ 17-21.) Defendant disputes these allegations with its own declaration, explaining that the evidence relied upon by Plaintiff relates to a separate company unaffiliated with Defendant. (*See* Kong Decl. ¶¶ 18-22; Second Semenoro Decl. ¶ 6.) Additionally, the Court agrees with Defendant that the amount of funds attached, in excess of $15 million, presents a substantial hardship to Defendant. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's request that the Court stay its January 27, 2010 Order releasing the escrow funds is DENIED.

IT IS FURTHER ORDERED THAT the Court's January 27, 2010 Order is stayed until February 23, 2010 so that Plaintiff may seek a stay from the Second Circuit.

SO ORDERED.

Dated:   New York, New York
         February 12, 2010

                                             RICHARD J. SULLIVAN
                                             UNITED STATES DISTRICT JUDGE